**Rosa GENAO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 15–1327.

United States Court of Appeals, Sixth Circuit.

Sept. 30, 2015.

Before: MERRITT, McKEAGUE, and WHITE, Circuit Judges.

MERRITT, Circuit Judge.

In this case brought under 28 U.S.C. § 2255(a), the district court found that petitioner, Rosa Genao's, claim of ineffective assistance of counsel, based on counsel's failure to advise her of a proposed plea agreement in the joint Medicare fraud case brought against her and her husband, was simply false. The court heard testimony for two days and concluded as follows in a comprehensive opinion:

> Based on the evidence submitted at the evidentiary hearing and in the parties' briefs, the court finds that Genao has failed to meet her burden to show that her counsel did not convey the government's written plea offer to her.

(Page 9, R.E. 339 in an opinion by Judge Denise Page Hood filed February 27, 2015.) In this opinion, the district court finds the facts in great detail and demonstrates that Genao and her husband wished to go to trial rather than enter a plea agreement. Although the petitioner also claims that the district court did not correctly define "ineffective assistance of counsel," that claim pertains to the prejudice prong and is irrelevant to the question whether petitioner voluntarily decided to go to trial rather than enter a plea.

Our review of the briefs and the record on appeal convinces us that Judge Hood made no error in her findings of fact on the issue whether Genao's counsel thoroughly advised her of the government's plea offer. The question on appeal is simple: Did the district court clearly err in finding that Genao's lawyer advised her of the government's plea offer and Genao rejected it in favor of going to trial? The record supports beyond peradventure that Genao was aware of and explicitly rejected the offer and then was found guilty by the jury.

Accordingly, the judgment of the district court is AFFIRMED.